UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

William H. Cook III,                                      Case No. 3:24-cv-727

                    Plaintiff,

        v.                                               MEMORANDUM OPINION
                                                              AND ORDER
Colette Peters, *et al.*,

                    Defendants.

## I.      INTRODUCTION AND BACKGROUND

On April 22, 2024, *pro se* Plaintiff William H. Cook III filed this *in forma pauperis* civil rights action against Colette Peters, Director of the Federal Bureau of Prisons ("BOP"); David LeMaster, Warden of Ashland Federal Correctional Institution ("FCI Ashland"); FCI Ashland employees S. Gibson (Camp Administrator) and Gregory Patton (Team Counselor); Michelle Fulgum, Manager of the BOP's Nashville Residential Re-entry Center; Alan Fabry, Kim Ludwig, and Kristen Cooper, Director, Assistant Program Director, and Intake Manager of Volunteers of America OHIN Residential Re-entry Center; Chris Gomez, Regional Director of the BOP; and the BOP's Office of General Counsel.   (Doc. No. 1).

On January 17, 2020, I sentenced Plaintiff to a term of 28 months in prison and 2 years of supervised release following his conviction on charges of wire fraud, conspiracy to commit wire fraud, and mail fraud.   *United States v. William H. Cook, III*, Case No. 3:16-cr-284 (N.D. Ohio). Plaintiff reported to the BOP on March 1, 2022, and was in custody at FCI Ashland from March 1, 2022 until January 12, 2023.   He was released to home confinement on January 28, 2023, and began

1

serving his term of supervised release while reporting to the United States Pretrial and Probation Service in Cleveland.

In his complaint, Plaintiff contends in various counts that Defendants violated his civil rights by failing to release him from prison earlier than he was under BOP guidelines for Home Confinement, the First Step Act, the CARES Act, and guidelines with respect to Compassionate Release, resulting in him spending more time in prison than he contends he should have. (Doc. No. 1 at 2, 4-12). He seeks equitable relief and damages for "each day of additional and unnecessary" time he contends he spent incarcerated (totally $1,995,800.00). (*Id.* at 12-13).

## II. DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). That statute requires that I review Plaintiff's complaint and dismiss it before service if I find it is frivolous or malicious, fails to state a claim upon which he may be granted relief, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive a dismissal under § 1915(e)(2) for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hill*, 630 F.3d at 470-71 (holding that the dismissal standard for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals of *in forma pauperis* complaints under § 1915(e)(2)).

Upon review, I find that Plaintiff's complaint warrants dismissal under § 1915(e)(2).

First, Plaintiff filed a prior lawsuit against virtually the same defendants on the same legal grounds he asserts here, *i.e.*, that his rights were violated on the basis he was not released from prison under the FSA, the CARES Act, and BOP guidelines. Before Plaintiff filed this lawsuit, my colleague, United States District Judge James R. Knepp II dismissed his prior lawsuit on the merits pursuant to § 1915(e)(2). *See Cook v. Peters, et al.*, No. 3:23-cv-2211, 2024 WL 778134 (N.D. Ohio

Feb. 26, 2024). Accordingly, this lawsuit by Plaintiff, raising the same grounds Judge Knepp found insufficient to state a plausible claim, is duplicative, barred by *res judicata*, and subject to dismissal as frivolous. *See Hill v. Elting*, 9 F. App'x 321, 321 (6th Cir. 2001) (affirming *sua sponte* dismissal of *pro se* complaint as frivolous where plaintiff had filed two nearly identical actions that were dismissed pursuant to § 1915(e)(2)).

Second, even if Plaintiff's claims in this case were not barred by *res judicata*, his complaint fails to state a plausible federal civil rights claim for the same reasons Judge Knepp stated in his decision dismissing Plaintiff's prior lawsuit. There is no private right of action under the provisions of federal law Plaintiff cites; Plaintiff's complaint that he was denied earlier release from prison fails to state a plausible constitutional claim because the Supreme Court has made clear that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of [his] valid sentence"; and Plaintiff's claims do not fall within the specific contexts in which claims against federal officials have been recognized under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Cook,* 2024 WL 778134, at *2-3 (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). There is no basis for implying a *Bivens* claim in the circumstances here.

Finally, Plaintiff's claims are also barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that in order to recover damages for an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. *Heck* applies to *Bivens* actions. *Cook v. Chief, U.S. Marshal*, No. 17-3095, 2018 WL 3655916, at *1 (6th Cir. Mar. 9, 2018) (citing cases). Success on Plaintiff's claims would necessarily imply the invalidity of his confinement; therefore, he is unable to establish a *Bivens*

claim unless he demonstrates that his conviction has been invalidated or called into question in one of the ways set forth in *Heck*. He has not done so.

### III. CONCLUSION

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) in this matter is granted, and for the foregoing reasons, I dismiss Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). I further certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.


So Ordered.

 s/ Jeffrey J. Helmick
United States District Judge
